# EXHIBIT A

**STATE OF MINNESOA**                                 **IN DISTRICT COURT**

**COUNTY OF RICE**                                    **3rd JUDICIAL DISTRICT**

Case Type: Telephone Consumer Protection Act (TCPA)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Chester C. Graham,             **Court File No.**

    Plaintiff,

v.                                             **SUMMONS**

Marketing Labs, L.L.C.,
d/b/a DirectLoanTransfer,
d/b/a DirectLoanTransferLegit,
d/b/a SameDayPaydayLoans,
d/b/a PaydayLoansOnline,
d/b/a MidweekPay,

    Defendants.                 **JURY TRIAL DEMANDED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS SUMMONS IS DIRECTED TO**: Marketing Labs, L.L.C., 5050 Quorom Drive, Suite 700, Dallas, Texas 75254 and Marketing Labs, L.L.C., 30 North gould Street, Suite 6525, Sheridan, Wyoming 82801.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located:
                Chester C. Graham
                408 Spring Street North #210
                Northfield, Minnesota 55057-1581

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: *May 28, 2019*         *Chester C. Graham*
                             Chester C. Graham
                             408 Spring Street North #210
                             Northfield, Minnesota 55057-1581
                             chester474@gmail.com
                             Telephone: (507) 301-1933

2

| | |
|---|---|
| **STATE OF MINNESOTA** | **IN DISTRICT COURT** |
| **COUNTY OF RICE** | **3rd JUDICIAL DISTRICT** |

Case Type: Consumer Financial Protection Act (TCPA)

*********************************************************

| | |
|---|---|
| Chester C. Graham, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Marketing Labs, L. L. C., a Wyoming limited liability company, d/b/a DirectLoanTransfer, d/b/a DirectLoanTransfer Legit, d/b/a SameDayPaydayLoans, d/b/a PaydayLoansOnline, d/b/a QuickCashOnline, d/b/a MidweekPay, | |
| Defendant. | Jury Trial Demanded |

*********************************************************

Now comes Chester C. Graham and for his Complaint states and avers:

## INTRODUCTION

1.   This is a Complaint brought by a consumer against a telemarketer seeking statutory damages for willful and knowing violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Regulations issued thereunder by the Federal Communications Commission ("FCC"), 47 CFR ¶ 64.1200.

1

2. Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the TCPA.[1]

3. In 2017, the Federal Trade Commission ("FTC") received 7,157,370 consumer complaints regarding unsolicited "robocalls," an increase of almost 2 million from the prior year.[2]

4. Hiya, a mobilephone application with call-blocking features, estimates there were 8 Billion robocalls to U. S. cellphones in the final quarter of 2018 – 32 Billion for the whole year.[3]

5. In Minnesota the number of calls has more than doubled in the last year – with the average Minnesotan receiving 8 a month – for a total of 45,500,000 calls in November of 2018.[4]

6. Congress determined legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls

---

[1] See *Mims v. Arrow Fin. Servs., L.L.C.,* 132 S.Ct. 740, 744 (2012).

[2] See https://www.ftc.gov/policy/reports/policy-report/commission-staff-reports/national-do-not-call-book-fy-2. Also, "Robocalls hit epidemic levels" Minneapolis, Minnesota STAR/TRIBUNE – Page 1A Thursday, November 15, 2018.

[3] WALL STREET JOURNAL, Wednesday, January 2, 2019, Page B4 – *'Spoofing' Spreads Anger Over Robocalls*, by Sarah Krouse.

[4] Minneapolis STAR/TRIBUNE – December 30, 2018 – Page A1 Mark Boswell.

Minneapolis, Minnesota
STAR/TRIBUNE
SUNDAY, JANUARY 6, 2019



3

7.   The Federal Communications Commission ("FCC") has recognized automated telephone calls are a greater nuisance and invasion of privacy than calls made by a live solicitor.[5]

## JURISDICTION

8.   Jurisdiction in this Court is under § 227(b)(3) of the TCPA permitting actions for violations of it to be brought in the state court where the violations occurred.[6]

## VENUE

9.   Venue is proper in this district because the violations complained of occurred in this district and the Plaintiff resides in this district.

## PLAINTIFF

10.   Plaintiff Chester C. Graham ("Plaintiff") is a senior adult and resides at 408 Spring Street North, Apt. #210, Northfield, Minnesota 55057-1581, Rice County.

11.   Plaintiff owns cellphone number (507) 403-9014.

---

[5] *Ronald Munday v. Navy Federal Credit Union,* Case No. 8:15-cv-01629-JLS-KES, U. S. Dist. Ct. C. D. Cal.

[6] 47 U.S.C. § 227(b)(3): Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State – (A) an action based on a violation of this subsection, or the regulations prescribed under this subsection to enjoin such violation; (B) n action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT

12. Defendant Marketing Labs, L. L. C. ("Defendant") is an active Wyoming limited liability company with a Principal Office and Registered Agent at 30 North Gould Street, Suite 6526, Sheridan, Wyoming 82801.

13. Defendant has a business office at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254.

14. Defendant is in the business of locating lenders to make loans to subprime individual borrowers and does business under the names MidweekPay, DirectLoanTransfer, DirectLoanTransferLegit, PaydayLoansOnline, QuickCashOnline and SameDayPaydayLoans.

## FACTS

### ROBOCALL NUMBER ONE:

15. Friday, December 14, 2018, at 8:05 a.m. Central Standard Time Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26498[7]**
> **Chester, Weekend is coming.**
> **Up to 1500 loan. ALL CREDIT OK Visit**
> **http://DirectLoanTransfer.com/dPA5YE**

---

[7] The code related to each number refers to one of the many names under which the Defendant does business, as follows:

    26435    Midweek Pay
    26498    Direct Loan Transfer
    51575    Quick Cash Online

5

### ROBOCALL NUMBER TWO:

16. Monday, December 17, 2018, at 9:55 a.m. Central Standard Time Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26435**
> **408 Spring Street North #210**
> **Chester connect with a lender –**
> **> SECURE**
> **https://MidweekPay.com/qx6jZE**

### ROBOCALL NUMBER THREE:

17. Sometime after Monday, December 17, 2018 and before Monday, December 24, 2018, Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26435**
> **Chester Graham, Holidays is coming!**
> **Up to 1500 loan**
> **ALL CREDIT OK**
> **https://MidweekPay.com/bqZce**

### ROBOCALL NUMBER FOUR:

18. Monday, December 31, 2018, at 8:11 a.m. Central Standard Time, Defendant sent Plaintiff's cell telephone the following text message:

> **From: 51575**
> **Chester Graham. Last Day**
> **Before Christmas. time is**
> **running out**
> **https://QuickCashOnline.me/2stdfE**
> **UP to 1500 LOAN**

### ROBOCALL NUMBER FIVE:

19.   Thursday, December 27, 2018, at 8:49 a.m. Central Standard Time

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26498**
> **MN 55057 Chester Verification**
> **required to request more funds**
> **from a lender VISIT:**
> **https://DirectLoanTransfer.com/mvs5eE**

### ROBOCALL NUMBER SIX:

20.   Friday, December 28, 2018, at 8:47 a.m. Central Standard Time,

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26435**
> **Chester Graham Last weekend**
> **before New Year Hurry up!**
> **https://MidweekPay.comCRE4eE**

### ROBOCALL NUMBER SEVEN:

21.   Monday, December 31, 2018, at 8:11 a.m. Central Standard Time,

Defendant sent Plaintiff's cell telephone the following text message:

> **From 51575**
> **Chester Graham. Last day**
> **Before New Year, Time is**
> **Running out**
> **UP to 1500 LOAN**
> **https://QuickCashOnline.me/2stdfE**

## ROBOCALL NUMBER EIGHT:

22.     Thursday, January 3, 2018, at 8:51 a.m. Central Standard Time,

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26498
> Chester Verification
> Required to request
> more funds from a lender
> Visit:
> https://DirectLoanTransfer.coms6RngE**

## ROBOCALL NUMBER NINE:

23.     Friday, January 4, 2019, at 8:51 a.m. Central Standard Time,

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26435
> Chester Graham, Weekend
> Is coming! Up to 1500 loan
> ALL CREDIT OK
> https://MidweekPay.com//QVK5he**

## ROBOCALL NUMBER TEN:

24.     Monday, January 7, 2019, at 8:14 a.m. Central Standard Time

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 51575
> 408 Spring Street North
> #210 Chester connect with
> a lender > SECURE
> https://QuickCashOnline.me/ad5zhf**

8

### ROBOCALL NUMBER ELEVEN:

25.  Wednesday, January 9, 2019, at 8:49 a.m. Central Standard Time

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26498**
> **B-) Congrats! Chester**
> **Graham, Up to 1500 LOAN**
> **ALL CREDIT OK**
> **Visit: https://DirectLoanTransfer.com/6zNBkE**

### ROBOCALL NUMBER TWELVE:

26.  Thursday, January 10, 2019, at 8:15 a.m. Central Standard Time

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 26435**
> **? = Hey Chester ? =**
> **Here is Your Link**
> **http://MidweekPay.com/N5RckE**

### ROBOCALL NUMBER THIRTEEN:

27.  Friday, January 11, 2019, at 8:51 a.m. Central Standard Time

Defendant sent Plaintiff's cell telephone the following text message:

> **From: 51575**
> **Chester Graham, Weekend is**
> **Coming! Up to 1500 Loan**
> **ALL CREDIT OK**
> **http://QuickCashOnline.me/xhgBmE**

9

28. Defendant's thirteen (13) robocalls sending text messages were made willfully and knowingly[8] by Defendant using an automatic telephone dialing system (ATDS).[9]

29. Defendant's thirteen (13) robocalls to Plaintiff wasted Plaintiff's time, deprived the Plaintiff of the legitimate use of his cell telephone while he dealt with the text messages and depleted Plaintiff's cell telephone's battery – the nuisances of the sort Congress enacted the TCPA to stop.[10]

30. Plaintiff had not given Defendant prior express written permission to send texts to his cell telephone using an automatic telephone dialing system (ATDS).[11]

---

[8] "The Federal Communications Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *State of Texas v. Am. Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001).

[9] A text message is a call within the meaning of the TCPA *Satterfeld v. Simon & Schuster, Inc.*. 569 F.3d 946, 952 (9th Cir. 2009).

[10] See *Susinno v. Work Out World, Inc.*, No. 16-3277 (3d Cir. 2017).

[11] Under 47 CFR ¶ 64.1200(a)(2) of the F.C.C. Rules issued pursuant to the TCPA, telemarketers must have been given express consent in writing prior to using an automatic telephone dialing system (ATDS) and artificial and/or prerecorded voices to contact consumers' cell telephones; this consent must include the consumer's signature and conform to the requirements of the United States Electronic signatures in Global and National Commerce (E-SIGN) Act and the Uniform Electronic Transactions (UETA) Act. *See also* 47 CFR ¶ 64.1200(f)(8)(ii): "The term 'signature' shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable law or state contract law." *As amended by, In re* Rules and Regulations Implementing the Telephone Consumer Protection act of 1991, 27 FCC Rcd. 13031 (F.C.C. Oct. 16, 2012).

31. Plaintiff did not have a prior existing business relationship with the Defendant.

32. The Defendant's texts were not made for charitable, political or religious purposes.

33. December 31, 2018, Plaintiff sent letters to the Defendant at the Defendant's known addresses – Marketing Labs, LLC, 30 North Gould Street, Suite 6526, Sheridan WY 82801 and Marketing Labs, LLC, 5050 Quorum Drive, Suite 700, Dallas TX 75254 - requesting a copy of the Defendant's do-not-call policy for telemarketing purposes and obtained a United States Postal Service Certificate for his letters.

34. To date Plaintiff has not received a copy of the Defendant's do-not-call policy.

## COUNT ONE

### Violation of § 227(b)(1)(A)(iii) of the TCPA[12]

35. Plaintiff restates and incorporates by reference the above Paragraphs.

---

[12] 47 U.S.C. § 227(b)(1)(A)((iii): "Restrictions on use of automated telephone equipment. (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

36. Defendant's thirteen (13) text message to Plaintiff's cell telephone were made willfully and knowingly[13] using an automatic telephone dialing system (ATDS) and violated § 227(b)(1)(A)(iii) of the TCPA.[14]

## COUNT TWO

## Violation of 47 CFR ¶ 64.1200(d)(1) of FCC Regulations[15]

37. Plaintiff restates and incorporates by reference the above Paragraphs.

38. Defendant's willful and knowing[16] failure to send Plaintiff a copy of its do-not-call telemarketing policy violated 47 CFR ¶ 64.1200(d)(1) of the FCC Regulations issued pursuant to the TCPA.

---

[13] See Footnote Five, *supra.*

[14] *Sengenberger v. Credit Control Services, Inc.*, No, 09C 2769, 2010 U.S. Dist. LEXIS 43874 WL 1791270, at *6 (N.D. Ill., May 5, 2010) "Courts have generally interpreted willfulness to imply that an action was intentional – the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision [], rule or regulation.'"

[15] 47 CFR ¶ 64.1200(d)(1): "(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (1) written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

[16] See footnote Five, *supra.*

## DEMAND FOR JUDGMENT

39. Plaintiff Chester C. Graham requests an Order of this Court:

(A) Declaring that Defendant Marketing Labs, L.L.C. willfully and knowingly[17] violated § 227(b)(1)A)(iii) of the TCPA thirteen (13) times and 47 CFR ¶ 64.1200(d)(1) of the Regulations issued by the FCC under the TCPA one (1) time and is liable to Plaintiff Chester C. Graham for treble statutory damages pursuant to § 227(b)(3) of the TCPA for a total of $21,000;

(B) Ordering Defendant Marketing Labs, L. L. C. to pay Plaintiff Chester Graham $21,000.00;

(C) For such further relief as the Court deems necessary and just.

Date: May 28, 2019         *Chester C. Graham*
                           Chester C. Graham
                           Plaintiff and Attorney *pro se*
                           408 Spring Street North – Apt. #210
                           Northfield, Minnesota 55057-1581
                           chester474@gmail.com
                           Telephone: (507) 403-9014

---

[17] See Footnote Five, *supra*.

13

## ACKNOWLEDGEMENT

The undersigned acknowledges that he may be assessed costs, disbursements, witness fees and attorney fees pursuant to Minn. Stat. § 529.211.

*Chester C. Graham*
Chester C. Graham

STATE OF MINNESOTA
DEPARTMENT OF STATE
FILED

MAY 31 2019

*Steve Simon*
Secretary of State